LAW OFFICES OF DALE K. GALIPO
Dale K. Galipo (Bar No. 144074)
dalekgalipo@yahoo.com
Eric Valenzuela (Bar No. 284500)
evalenzuela@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, California 91367
Telephone:   (818) 347-3333
Facsimile:    (818) 347-4118

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN SIMENTAL; and REBECA SIMENTAL,<br><br>          Plaintiffs,<br><br>          vs.<br><br>CITY OF AZUSA; and DOES 1-10, inclusive,<br><br>          Defendants. | Case No.<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. Unreasonable Search and Seizure—Excessive Force (42 U.S.C. § 1983)<br>2. Unreasonable Search and Seizure—Denial of Medical Care (42 U.S.C. § 1983)<br>3. Substantive Due Process—(42 U.S.C. § 1983)<br>4. Municipal Liability for Unconstitutional Custom, Practice, or Policy (42 U.S.C. § 1983)<br>5. Battery (Wrongful Death)<br>6. Negligence (Wrongful Death)<br>7. Violation of Bane Act (Cal. Civil Code § 52.1)<br><br>**DEMAND FOR JURY TRIAL** |

COMPLAINT FOR DAMAGES

## COMPLAINT FOR DAMAGES

Plaintiffs JUAN SIMENTAL and REBECA SIMENTAL for their complaint against Defendants CITY of AZUSA, and Does 1-10, inclusive, allege as follows:

## INTRODUCTION

1.      This civil rights action seeks compensatory and punitive damages from Defendants for violating various rights under the United States Constitution and state law in connection with the fatal police shooting of the decedent, Adrien Simental.

## PARTIES

2.      At all relevant times, Adrien Simental ("DECEDENT") was an individual residing in County of Los Angeles, California.

3.      Plaintiff JUAN SIMENTAL is an individual residing in County of Los Angeles, California, and is the natural father of DECEDENT.  JUAN SIMENTAL sues both individually and in a representative capacity as a successor-in-interest to DECEDENT.  JUAN SIMENTAL seeks both survival and wrongful death damages under federal and state law.

4.      Plaintiff REBECA SIMENTAL is an individual residing in County of Los Angeles, California, and is the natural mother of DECEDENT.  REBECA SIMENTAL sues both individually and in a representative capacity as a successor-in-interest to DECEDENT.  REBECA SIMENTAL seeks both survival and wrongful death damages under federal and state law.

5.      At all relevant times, Defendant CITY of AZUSA ("CITY") is and was a duly organized public entity, form unknown, existing under the laws of the State of California.  At all relevant times, CITY was the employer of Defendant DOES 1-4, who were CITY Police officers, DOES 5-6, who were CITY police officers

1   supervisorial officers, and DOES 7-10, who were managerial, supervisorial, and

2   policymaking employees of the CITY Police Department.  On information and

3   belief, at all relevant times, DOES 1-10 were residents of County of Los Angeles,

4   California.  DOES 1-10 are sued in their individual capacity for damages only.

5         6.     At all relevant times, Defendant DOES 1-10 were duly authorized

6   employees and agents of CITY, who were acting under color of law within the

7   course and scope of their respective duties as police officers and with the complete

8   authority and ratification of their principal, Defendant CITY.

9         7.     At all relevant times, Defendant DOES 1-10 were duly appointed

10   officers and/or employees or agents of CITY, subject to oversight and supervision

11   by CITY's elected and non-elected officials.

12         8.     In doing the acts and failing and omitting to act as hereinafter

13   described, Defendant DOES 1-10 were acting on the implied and actual permission

14   and consent of CITY.

15         9.     At all times mentioned herein, each and every CITY defendant was the

16   agent of each and every other CITY defendant and had the legal duty to oversee and

17   supervise the hiring, conduct and employment of each and every CITY defendant.

18        10.     The true names of Defendant DOES 1 through 10, inclusive, are

19   unknown to Plaintiffs, who therefore sue these defendants by such fictitious names.

20   Plaintiffs will seek leave to amend this complaint to show the true names and

21   capacities of these defendants when they have been ascertained.  Each of the

22   fictitious named defendants is responsible in some manner for the conduct and

23   liabilities alleged herein.

24        11.     On July 21, 2015, Plaintiffs filed comprehensive and timely claims for

25   damages with CITY pursuant to applicable sections of the California Government

26   Code.

27        12.     On September 9, 2015, CITY rejected Plaintiffs' claims for damages by

28   operation of law.

-3-

## JURISDICTION AND VENUE

13.    This civil action is brought for the redress of alleged deprivations of constitutional rights as protected by 42 U.S.C. §§ 1983, 1985, 1986, 1988, and the Fourth and Fourteenth Amendments of the United States Constitution.  Jurisdiction is founded on 28 U.S.C. §§ 1331, 1343, and 1367.

14.    Venue is proper in this Court under 28 U.S.C. § 1391(b), because Defendants reside in, and all incidents, events, and occurrences giving rise to this action occurred in, the County of Los Angeles, California.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

15.    Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 14 of this Complaint with the same force and effect as if fully set forth herein.

16.    On or about June 21, 2015, DECEDENT was near 560 East Lee Drive in the City of Azusa, California.

17.    Decedent lives next door to 560 East Lee Drive residence and DECEDENT had a history of mental illness.

18.    Just before going next door to 560 East Lee Drive, DECEDENT had nearly amputated his left arm, by his forearm, with an electrical saw.  The saw cut through approximately 3/4 of Decedent's arm.  DECEDENT never removed the electric saw from his backyard area.

19.    After DECEDENT cut his arm with the saw, one of his family members called 911 to report a medical emergency for DECEDENT.

20.    While near 560 E. Lee Drive, DOES 1-4 discharged their firearms at DECEDENT, striking him several times, including shots to the back, causing DECEDENT serious physical injury and eventually killing him.

21.    Other than the DECEDENT and the responding officers, there was no other person at the 560 East Lee Drive residence.

22.     At the time of the shooting, DECEDENT was unarmed and some of the gunshots struck DECEDENT in the back and some of the shots occurred after DECEDENT already went down to the ground.

23.     At the time of the shooting DECEDENT posed no imminent threat of death or serious physical injury to either DOES 1-4 or any other person, especially since he was unarmed and had no use of his left arm due to the severe injury to this arm.  Moreover, prior to the shooting, DECEDENT also had sustained serious injuries to his right arm which would have greatly impaired his ability to use his right arm as well.

24.     At the time of the shooting, DECEDENT was not facing in the direction of the shooting officers and DECEDENT was moving away from them, which is also consistent with DECEDENT's gunshot wounds to his back.

25.     On the date of the incident, DECEDENT did not physically injure any of the involved officers or any other person, prior to being fatally shot.

## FIRST CLAIM FOR RELIEF

**Unreasonable Search and Seizure—Excessive Force (42 U.S.C. § 1983)**

(Against Defendant DOES 1-4)

26.     Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 25 of this Complaint with the same force and effect as if fully set forth herein.

27.      DOES1-4's unjustified shooting deprived DECEDENT of his right to be secure in his person against unreasonable searches and seizures as guaranteed to DECEDENT under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

28.     The unreasonable use of force by Defendant DOES 1-4 deprived the DECEDENT of his right to be secure in his person against unreasonable searches and seizures as guaranteed to DECEDENT under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

COMPLAINT FOR DAMAGES

29.     As a result, DECEDENT suffered extreme pain and suffering and eventually suffered a loss of life and of earning capacity.  Plaintiffs have also been deprived of the life-long love, companionship, comfort, support, society, care, and sustenance of DECEDENT, and will continue to be so deprived for the remainder of their natural lives.  Plaintiffs are also claiming funeral and burial expenses.

30.     As a result of the conduct of DOES 1-4, they are liable for DECEDENT's injuries, either because they were integral participants in the excessive force, or because they failed to intervene to prevent these violations.

31.     This use of deadly force was excessive and unreasonable under the circumstances, especially since DECEDENT was unarmed, he never injured the responding officers or any other person, he had no use of his left arm because it was just nearly amputated by an electrical saw, the use of his right arm was also very limited due to significant injuries to that arm, DECEDENT was not facing in the direction of the shooting officers and he was moving away from the DOES 1-4 at the time of the shooting.  Moreover, some of the gunshots were to DECEDENT's back and some of the shots occurred after the DECEDENT had already went down to the ground.  Defendants' actions thus deprived DECEDENT of his right to be free from unreasonable searches and seizures under the Fourth Amendment and applied to state actors by the Fourteenth Amendment.

32.     The conduct of DOES 1-4 was willful, wanton, malicious, and done with reckless disregard for the rights and safety of DECEDENT and therefore warrants the imposition of exemplary and punitive damages as to Defendant DOES 1-4.

33.      Plaintiffs bring this claim as successors-in-interest to the DECEDENT, and seek both survival and wrongful death damages for the violation of DECEDENT's rights.

34.     Plaintiffs also seek attorney fees under this claim.

## SECOND CLAIM FOR RELIEF

**Unreasonable Search and Seizure—Denial of Medical Care (42 U.S.C. § 1983)**

(Against Defendant DOES 1-4)

35.     Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 34 of this Complaint with the same force and effect as if fully set forth herein.

36.      The denial of medical care by Defendant DOES 1-4 deprived DECEDENT of his right to be secure in his person against unreasonable searches and seizures as guaranteed to DECEDENT under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

37.     As a result, DECEDENT suffered extreme pain and suffering and eventually suffered a loss of life and earning capacity.  Plaintiffs have also been deprived of the life-long love, companionship, comfort, support, society, care, and sustenance of DECEDENT, and will continue to be so deprived for the remainder of their natural lives.  Plaintiffs are also claiming funeral and burial expenses and a loss of financial support.

38.     Defendant DOES 1-4 knew that failure to provide timely medical treatment to DECEDENT could result in further significant injury or the unnecessary and wanton infliction of pain, but disregarded that serious medical need, causing DECEDENT great bodily harm and death.

39.     The conduct of DOES 1-4 was willful, wanton, malicious, and done with reckless disregard for the rights and safety of DECEDENT and therefore warrants the imposition of exemplary and punitive damages as to Defendant DOES 1-4.

40.     Plaintiffs bring this claim as a successors-in-interest to DECEDENT, and seek both survival and wrongful death damages for the violation of DECEDENT's rights.

41.     Plaintiffs also seek attorney's fees under this claim.

-7-

# THIRD CLAIM FOR RELIEF

## Substantive Due Process (42 U.S.C. § 1983)

(Against Defendant DOES 1-4)

42.     Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 41 of this Complaint with the same force and effect as if fully set forth herein.

43.     JUAN SIMENTAL had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive him of life, liberty, or property in such a manner as to shock the conscience, including but not limited to, unwarranted state interference in Plaintiff's familial relationship with his son, DECEDENT.

44.     REBECA SIMENTAL had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive her of life, liberty, or property in such a manner as to shock the conscience, including but not limited to, unwarranted state interference in Plaintiff's familial relationship with her son, DECEDENT.

45.     DECEDENT had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive him of his right to life, liberty, or property in such a manner as to shock the conscience.

46.     As a result of the excessive force and failure to intervene by DOES 1-4, DECEDENT died.  Plaintiffs JUAN SIMENTAL and REBECA SIMENTAL were thereby deprived of their constitutional right of familial relationship with their son, DECEDENT.

47.     DOES 1-4, acting under color of state law, thus violated the Fourteenth Amendment rights of JUAN SIMENTAL and REBECA SIMENTAL to be free from unwarranted interference with their familial relationship with DECEDENT.

48.     The aforementioned actions of DOES 1-4, along with other undiscovered conduct, shock the conscience, in that they acted with deliberate indifference to the constitutional rights of DECEDENT, JUAN SIMENTAL and REBECA SIMENTAL, and with purpose to harm unrelated to any legitimate law enforcement objective.

49.     Defendant DOES 1-4, acting under color of state law, thus violated the Fourteenth Amendment rights of DECEDENT and Plaintiffs.

50.     As a direct and proximate cause of the acts of DOES 1-4, DECEDENT experienced severe pain and suffering and lost his life and earning capacity. Plaintiffs suffered extreme and severe mental anguish and pain and have been injured in mind and body.  Plaintiffs have also been deprived of the life-long love, companionship, comfort, support, society, care and sustenance of DECEDENT, and will continue to be so deprived for the remainder of their natural lives.  Plaintiffs are also claiming funeral and burial expenses.

51.     As a result of the conduct of DOES 1-4, they are liable for DECEDENT's injuries, either because they were integral participants in the denial of due process, or because they failed to intervene to prevent these violations.

52.     The conduct of DOES 1-4 was willful, wanton, malicious, and done with reckless disregard for the rights and safety of DECEDENT and Plaintiffs and therefore warrants the imposition of exemplary and punitive damages as to Defendant DOES 1-4.

53.     Plaintiffs brings this claim individually and as a successors-in-interest to DECEDENT, and seek both survival and wrongful death damages for the violation of both Plaintiffs' and DECEDENT's rights.

54.     Plaintiffs also seek attorney fees under this claim.

1          **FOURTH CLAIM FOR RELIEF**

2   **Municipal Liability for Unconstitutional Custom or Policy (42 U.S.C. § 1983)**

3              (Against Defendant DOES 5-10 and CITY)

4          55.     Plaintiffs repeat and reallege each and every allegation in paragraphs 1

5   through 54 of this Complaint with the same force and effect as if fully set forth

6   herein.

7          56.     On information and belief Defendant DOES 1-4's shooting of

8   DECEDENT, who was unarmed, facing away from the shooting officers and was

9   moving away from DOES 1-4 when he was shot in the back, was found to be within

10  CITY Police Department's policy.

11         57.     On information and belief Defendant DOES 1-4's shooting of

12  DECEDENT, who was unarmed, facing away from the shooting officers and was

13  moving away from DOES 1-4 when he was shot in the back, was ratified by CITY

14  Police Department supervisorial officers.

15         58.     On information and belief Defendant Does 1-4 were not disciplined for

16  fatally shooting DECEDENT, who was unarmed, facing away from the shooting

17  officers and was moving away from DOES 1-4 when he was shot in the back.

18         59.     On and for some time prior to June 21, 2015 (and continuing to the

19  present date) Defendant DOES 5-10, deprived Plaintiffs and DECEDENT of the

20  rights and liberties secured to them by the Fourth and Fourteenth Amendments to

21  the United States Constitution, in that said defendants and their supervising and

22  managerial employees, agents, and representatives, acting with gross negligence and

23  with reckless and deliberate indifference to the rights and liberties of the public in

24  general, and of Plaintiffs and DECEDENT, and of persons in their class, situation

25  and comparable position in particular, knowingly maintained, enforced and applied

26  an official recognized custom, policy, and practice of:

27              (a)     Employing and retaining as police officers and other personnel,

28                      including DOES 1-4, who Defendant DOES 5-10, at all times

COMPLAINT FOR DAMAGES

material herein knew or reasonably should have known had dangerous propensities for abusing their authority and for mistreating citizens by failing to follow written CITY Police Department's policies, including the use of excessive force;

(b) Of inadequately supervising, training, controlling, assigning, and disciplining CITY Police Officers, and other personnel, including DOES 1-4, who Defendants CITY knew or in the exercise of reasonable care should have known had the aforementioned propensities and character traits, including the propensity for violence and the use of excessive force;

(c) By maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, disciplining and controlling the intentional misconduct by Defendant DOES 1-4, who are Police Officers of CITY;

(d) By failing to discipline CITY Police Officers' conduct, including but not limited to, unlawful detention and excessive force;

(e) By ratifying the intentional misconduct of Defendant DOES 1-4, who are Police Officers of CITY;

(f) By having and maintaining an unconstitutional policy, custom, and practice of detaining and arresting individuals without probable cause or reasonable suspicion, and using excessive force, including deadly force, which also is demonstrated by inadequate training regarding these subjects.  The policies, customs, and practices of DOES 5-10, were done with a deliberate indifference to individuals' safety and rights;

(g) By failing to properly investigate claims of unlawful detention and excessive force by CITY Police Officers; and

-11-

(h)     By inadequately supervising and training police officers and other personnel, including DOES 1-4, with regards to dealing with mentally ill people; and

(i)     By maintaining grossly inadequate procedures for police officers to deal with mentally ill people they come in contact with during the course and scope of their duties as police officers.

60.     By reason of the aforementioned policies and practices of Defendant DOES 5-10, DECEDENT was severely injured and subjected to pain and suffering and lost his life.

61.     Defendant DOES 5-10, together with various other officials, whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices and customs alleged in the paragraphs above.  Despite having knowledge as stated above these defendants condoned, tolerated and through actions and inactions thereby ratified such policies.  Said defendants also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of DECEDENT, Plaintiffs, and other individuals similarly situated.

62.     By perpetrating, sanctioning, tolerating and ratifying the outrageous conduct and other wrongful acts, Defendant DOES 5-10, acted with an intentional, reckless and callous disregard for the life of DECEDENT, and DECEDENT's and Plaintiffs' constitutional rights.  Defendant DOES 5-10, each of their actions were willful, wanton, oppressive, malicious, fraudulent and extremely offensive and unconscionable to any person of normal sensibilities.

63.     Furthermore, the policies, practices, and customs implemented and maintained and still tolerated by Defendant DOES 5-10, were affirmatively linked to and were a significantly influential force behind the injuries of DECEDENT and Plaintiffs.

64.     By reason of the aforementioned acts and omissions of Defendant DOES 5-10, Plaintiffs were caused to incur funeral and related burial expenses.

65.     By reason of the aforementioned acts and omissions of Defendant DOES 5-10, Plaintiffs have suffered loss of love, companionship, affection, comfort, care, society, and future support.

66.     Accordingly, Defendant DOES 5-10, each are liable to Plaintiffs for compensatory damages under 42 U.S.C. § 1983.

67.     Plaintiffs seek wrongful death and survival damages under this claim.

68.     Plaintiffs also seek attorney fees under this claim.


**FIFTH CLAIM FOR RELIEF**

**Battery (Cal. Govt. Code § 820 and California Common Law)**

(Wrongful Death)

(Against Defendant DOES 1-4 and CITY)

69.     Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 68 of this Complaint with the same force and effect as if fully set forth herein.

70.     DOES 1-4, while working as a Police Officers for the CITY Police Department, and acting within the course and scope of their duties, intentionally shot DECEDENT multiple times, including shots to DECEDENT's back and some of the shots occurred after DECEDENT had already went down to the ground.  As a result of the actions of DOES 1-4, DECEDENT suffered severe pain and suffering and ultimately died from his injuries and lost earning capacity.  DOES 1-4 had no legal justification for using force against DECEDENT and said defendants' use of force while carrying out their officer duties was an unreasonable use of force, especially since DECEDENT was unarmed, he never injured the responding officers or anyone else, Decedent did not have use of his left arm and his right arm was

severely injured and Decedent was facing away and moving away from the shooting
officers when he was fatally shot.

71.     As a direct and proximate result of defendants' conduct as alleged
above, Plaintiffs suffered extreme and severe mental anguish and pain and have
been injured in mind and body.  Plaintiffs also have been deprived of the life-long
love, companionship, comfort, support, society, care and sustenance of
DECEDENT, and will continue to be so deprived for the remainder of their natural
lives.  Plaintiffs also are claiming funeral and burial expenses.

72.     CITY is vicariously liable for the wrongful acts of DOES 1-4 pursuant
to section 815.2(a) of the California Government Code, which provides that a public
entity is liable for the injuries caused by its employees within the scope of the
employment if the employee's act would subject him or her to liability.

73.     The conduct of DOES 1-4 was malicious, wanton, oppressive, and
accomplished with a conscious disregard for the rights of Plaintiffs and
DECEDENT, entitling Plaintiffs to an award of exemplary and punitive damages.

74.     Plaintiffs bring this claim as a successors-in-interest to DECEDENT,
and seek both survival and wrongful death damages under this claim.

### SIXTH CLAIM FOR RELIEF
**Negligence (Cal. Govt. Code § 820 and California Common Law)**
(Wrongful Death)
(Against All Defendants)

75.     Plaintiffs repeat and reallege each and every allegation in paragraphs 1
through 74 of this Complaint with the same force and effect as if fully set forth
herein.

76.     The actions and inactions of the Defendants were negligent and
reckless, including but not limited to:

-14-

       (a)     the failure to properly and adequately assess the need to detain, arrest, and use force or deadly force against DECEDENT;

       (b)     the negligent tactics and handling of the situation with DECEDENT, including pre-shooting negligence;

       (c)     the negligent tactics and handling of DECEDENT, who suffers from mental illness;

       (d)     the negligent detention, arrest, and use of force, including deadly force, against DECEDENT;

       (e)     the failure to provide prompt medical care to DECEDENT; and

       (f)     the negligent handling of evidence and witnesses.

77.    As a direct and proximate result of defendants' conduct as alleged above, and other undiscovered negligent conduct, DECEDENT was caused to suffer severe pain and suffering and ultimately died and lost earning capacity.  Also as a direct and proximate result of defendants' conduct as alleged above, Plaintiffs suffered extreme and severe mental anguish and pain and have been injured in mind and body.  Plaintiffs also have been deprived of the life-long love, companionship, comfort, support, society, care and sustenance of DECEDENT, and will continue to be so deprived for the remainder of their natural lives.  Plaintiffs also are claiming funeral and burial expenses.

78.    CITY is vicariously liable for the wrongful acts of DOES 1-10 pursuant to section 815.2 of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

79.    Plaintiffs bring this claim as a successors-in-interest to DECEDENT, and seek wrongful death damages under this claim.

### SEVENTH CLAIM FOR RELIEF
**Violation of Bane Act (Cal. Civil Code § 52.1)**
(Against All Defendants)

80. Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 79 of this Complaint with the same force and effect as if fully set forth herein.

81. California Civil Code, Section 52.1 (the Bane Act), prohibits any person from interfering with another person's exercise or enjoyment of his constitutional rights by threats, intimidation, or coercion.

82. Conduct that violates the Fourth Amendment violates the California Bane Act.[1]

83. Defendant DOES 1-4 use of deadly force was excessive and unreasonable under the circumstances, especially since DECEDENT was unarmed, he never injured the responding officers or anyone else, he had no use of his left arm and his right arm was also seriously injured, he was facing away and moving away from DOES 1-4, when he was fatally shot, including shots to DECEDENT's back and some of the shots occurred after DECEDENT had already went down to the ground. Defendants' actions thus deprived DECEDENT of his right to be free from unreasonable searches and seizures under the Fourth Amendment and applied to state actors by the Fourteenth Amendment.

84. DOES 1-4, while working as Police Officers for the CITY police department, and acting within the course and scope of their duties, interfered with or attempted to interfere with the rights of DECEDENT to be free from unreasonable searches and seizures, to equal protection of the laws, to access to the courts, and to

---

[1] *See Chaudhry v. City of Los Angeles*, 2014 WL 2030195, at * 6 (9th Cir. May 19, 2014) (citing *Cameron v. Craig*, 713 F.3d 1012, 1022 (9th Cir. 2013).

COMPLAINT FOR DAMAGES

1    be free from state actions that shock the conscience, by threatening or committing

2    acts involving violence, threats, coercion, or intimidation.

3        85.    On information and belief, DECEDENT reasonably believed that if he

4    exercised his rights, including his civil rights, DOES 1-4 would commit acts

5    involving violence, threats, coercion, or intimidation against them or their property.

6        86.    On information and belief Defendant DOES 1-4 injured DECEDENT

7    to prevent him from exercising his rights or retaliated against DECEDENT for

8    having exercised his rights.

9        87.    DECEDENT was caused to suffer extreme pain and suffering and

10   eventually suffered a loss of life and of earning capacity.  Plaintiffs have also been

11   deprived of the life-long love, companionship, comfort, support, society, care, and

12   sustenance of DECEDENT, and will continue to be so deprived for the remainder of

13   their natural lives.  Plaintiffs are also claiming funeral and burial expenses.

14       88.    The conduct of DOES 1-4 was a substantial factor in causing the

15   harms, losses, injuries, and damages of DECEDENT and Plaintiffs.

16       89.    CITY is vicariously liable for the wrongful acts of DOES 1-4 pursuant

17   to section 815.2(a) of the California Government Code, which provides that a public

18   entity is liable for the injuries caused by its employees within the scope of the

19   employment if the employee's act would subject him or her to liability.

20       90.    The conduct of DOES 1-4 was malicious, wanton, oppressive, and

21   accomplished with a conscious disregard for the rights of DECEDENT entitling

22   Plaintiffs to an award of exemplary and punitive damages.

23       91.    Plaintiffs bring this claim as successors-in-interest to the DECEDENT,

24   and seek both survival and wrongful death damages for the violation of

25   DECEDENT's rights.

26       92.    The Plaintiffs also seek attorney fees under this claim.

27

28

1

**PRAYER FOR RELIEF**

2      WHEREFORE, Plaintiffs request entry of judgment in their favor and against

3 Defendants City of Azusa, and Does 1-10, inclusive, as follows:

4               A.    For compensatory damages, including both survival damages and

5                     wrongful death damages under federal and state law, in the

6                     amount to be proven at trial;

7               B.    For funeral and burial expenses;

8               C.    For punitive damages against the individual defendants in an

9                     amount to be proven at trial;

10            D.    For interest;

11            E.    For reasonable costs of this suit and attorneys' fees; and

12            F.    For such further other relief as the Court may deem just, proper,

13                     and appropriate.

14

15 DATED:  October 27. 2015       LAW OFFICES OF DALE K. GALIPO

16

17                      By  /s/ Dale K. Galipo

18                      Dale K. Galipo<br>Eric Valenzuela<br>Attorneys for Plaintiffs

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR DAMAGES

1

## **DEMAND FOR JURY TRIAL**

2
     Plaintiffs hereby demand a trial by jury.

3

4
DATED:  October 27. 2015       LAW OFFICES OF DALE K. GALIPO

5

6
                    By  /s/ Dale K. Galipo

7
                    Dale K. Galipo
                    Eric Valenzuela

8
                    Attorneys for Plaintiffs

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR DAMAGES